UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------- X

KEVIN GABRIEL FLORES

                    Plaintiff,

            -against-

ANDY CONSTRUCTION NY INC. *et al*,

                    Defendants.

---------------------------------------- X

**REPORT AND
RECOMMENDATION**

22-CV-06486 (OEM) (JMW)

**A P P E A R A N C E S:**

Avraham Y. Scher Esq.
Roman Avshalumov, Esq.
**Helen F. Dalton & Associates, P.C.**
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
*Attorneys for Plaintiffs*

*No Appearance for Defendants*

**WICKS,** Magistrate Judge:

    Plaintiff Kevin Gabriel Flores ("Plaintiff") commenced this action against Andy

Construction NY Inc. ("Andy Construction") and its owner and operator Bernardo Gonzalez

("Gonzalez") (collectively "Defendants") on October 26, 2022 alleging violations of the Fair

Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").[1]  (ECF No. 1.)

Following Defendants' failure to answer the Complaint, Plaintiff moved for default judgment.

(ECF No. 17.)  Plaintiff's motion was denied by this Court with leave to renew because of

Plaintiff's failure to comply with the Servicemembers Civil Relief Act ("SCRA").  (Electronic

---

[1] Plaintiff initially pursued this action as a collective action, but now only seeks to recover individually.

Order dated Apr. 11, 2023).  On referral from the Honorable Orelia E. Merchant[2] is Plaintiff's second motion for default judgment.  For the reasons set forth below, the undersigned recommends that Plaintiff's motion be <mark>denied.</mark>

## BACKGROUND

### I.    Factual Background

The following allegations are drawn from the Complaint.  (ECF No. 1.)  Gonzalez is the owner and operator of Andy Construction located in Roosevelt, New York.  (*Id*. at ¶ 9.)  Gonzalez is responsible for making personnel decisions, including "determining, establishing, and paying the wages of all employees of Andy Construction, including the Plaintiff."  (*Id*. at ¶¶ 9, 16.)  Plaintiff was employed by Andy Construction as a roofer and construction worker from March 2021 until about September 2022.  (*Id*. at ¶ 19.)  Plaintiff worked approximately six days per week from 6:00 a.m. until 8:00 p.m. during his employment with Defendants and was paid a flat weekly rate of approximately $1,200.00.  (*Id*. at ¶¶ 20, 21, 23.)  Plaintiff further alleges that he worked approximately eighty-four (84) hours or more each week and was not paid at a time and a half rate when he worked over forty hours in a work week, constituting a "blatant violation" of the FLSA and NYLL.  (*Id*. at ¶ 24.)  Plaintiff also maintains that Defendants further violated the FLSA and NYLL by willfully failing to: (1) post notices of the minimum and overtime wage requirements in conspicuous locations; (2) keep payroll records; (3) provide written notice of regular pay rates or wage statements.  (*Id*. at ¶¶ 25-27.)  As a result, Plaintiff seeks compensatory and liquidated damages exceeding $100,000 as well as pre- and post-judgment interest, attorneys' fees and other costs.[3]  (*Id*. at ¶ 29.)

---

[2] This case was reassigned from the Hon. Kiyo A. Matsumoto to the Hon. Orelia E. Merchant on July 6, 2023.  (*See* Electronic Order dated July 6, 2023).

[3] Plaintiff's Memorandum of Law, however, only seeks damages for the following categories: (1)

II.    **Procedural History**

The complaint was filed on October 26, 2022.  (ECF No. 1).  The Clerk of Court issued a summons pursuant to Fed. R. Civ. P. Rule 12 which advised Defendants that judgment by default would be entered against them should they fail to respond.  (ECF No. 8.)  Defendant Andy Construction was served on November 1, 2022, at Andy Construction's principal executive office and was accepted by a general agent of the corporation.  (ECF No. 9.)  Defendant Bernadino Gonzalez was served on November 3, 2022, at Andy Construction's principal executive office through service upon his sister—Glenda Bercain.  (ECF No. 10.)  Defendant Andy Construction was served a second time on November 22, 2022, upon an authorized agent in the New York Secretary of State's Office pursuant to New York's Business Corporation Law § 306.  (ECF No. 11.)  An affidavit confirming service upon Andy Construction and Bernardino Gonzalez was filed on January 4, 2023.  (ECF No. 14).

Upon Plaintiff's request for a certificate of default against both Defendants (ECF No. 12) and the Clerk's subsequent entry of default on December 28, 2022 (ECF No. 13), Plaintiff filed a motion for default judgment (ECF No. 17).  This Court denied Plaintiff's motion without prejudice with leave to renew because Plaintiff failed to provide a proper non-military affidavit pursuant to the SCRA.  (*See* Electronic Order dated Apr. 11, 2023).  Subsequently, this Court directed Plaintiff refile the motion in compliance with Local Civil Rule 55.2 and 50 U.S.C. App. § 521.  (Electronic Orders dated Aug. 2, 2023, and Sept. 12, 2023).  Plaintiff's amended motion for Default Judgment was filed on September 26, 2023.  (ECF Nos. 20-23.)  This motion was then referred to the undersigned by the Hon. Orelia E. Merchant.  (Electronic Order dated Sept. 27, 2023.)

---

overtime wages; (2) liquidated damages; (3) NYLL statutory damages; and post-judgment interest.  (ECF No. 22.)

## **LEGAL STANDARD**

There is a two-step process for the granting of default judgments under Fed. R. Civ. P. 55. First, the Clerk of the Court enters default when a party fails to plead or otherwise defend the action. *See* Fed. R. Civ. P. 55(a); *see also* E.D.N.Y. Local R. 55.2. After the clerk's certificate of default is issued and posted on the docket, a party may apply for entry of a default judgment. Fed. R. Civ. P. 55(b); *see also* E.D.N.Y. Local R. 55.2(b). The decision to grant a motion for default is left to the discretion of the district court. *United States v. Dougherty*, No. 15-cv-554 (ADS) (AKT), 2016 WL 5112063, at *3 (E.D.N.Y. Aug. 1, 2016), *report and recommendation adopted*, 2016 WL 4705549 (E.D.N.Y. Sep. 7, 2016).

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-cv-1878 (RJD) (JMA), 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (finding that a default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true).

However, a plaintiff must still demonstrate that the allegations set forth in the Complaint state valid claims. *See City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (suggesting that "a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law'" prior to entering default judgment (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (alterations omitted)). The Court must therefore ensure: (i) Plaintiff satisfied all the required procedural steps in moving for default judgment, *see* Local Civ. R. 55.2; and (ii) Plaintiff's allegations, when accepted as true, establish liability as a matter of law, *see Finkel*, 577 F.3d at 84.

4

## DISCUSSION

### I.     Procedural Compliance

Local Civil Rule 7.1 requires motions to include a notice of motion, a memorandum of law, and supporting affidavits or exhibits containing any necessary factual information for the decision of the motion.  E.D.N.Y. Local R. 7.1(a)(1) - (3).  Local Civil Rule 55.2 requires that a party moving for default judgment append to its application the Clerk's Certificate of Default, a copy of the claim to which no response has been made, a proposed form of default judgment, and that all papers submitted to the Court under Rule 55.2(b) be mailed to the party against whom a default is sought at the last known address of such party with proof of mailing filed with the Court.  E.D.N.Y. Local R. 55.2(b)-(c).

Additionally, before a default judgment can be entered for the plaintiff, the SCRA commands that the Court "require the plaintiff to file with the court an affidavit . . . stating whether or not the defendant is in military service and showing necessary facts to support the affidavit."  50 U.S.C. App. § 521; *ADI Glob. Distribution v. Green*, No. 20-CV-03869 (AMD) (JMW), 2023 WL 3355049, at *3 (E.D.N.Y. Apr. 24, 2023) (same), *report and recommendation adopted*, 2023 WL 3346499 (E.D.N.Y. May 10, 2023).  "The non-military affidavit must be based not only on an investigation conducted after the commencement of an action or proceeding but also after a default in appearance by the party against whom the default judgment is to be entered."  *Apex Mar. Co. v. Furniture, Inc.*, No. 11-CV-5465 (ENV) (RER), 2012 WL 1901266, at *1 (E.D.N.Y. May 18, 2012).  To satisfy this requirement, "[c]ertification . . . of a defendant's military status can be obtained from the Department of Defense's Servicemembers Civil Relief Act website."  *ADI Glob. Distribution*, 2023 WL 3355049 at *3.

Initially, this Court denied Plaintiff's motion for default against Defendants without prejudice and with leave to renew upon compliance with the SCRA with respect to Gonzalez, which requires an affidavit stating whether or not the individual defendant is in military service and showing necessary facts to support the affidavit. (Electronic Order dated Apr. 11, 2023.) Once Plaintiff filed the renewed motion, the undersigned also directed Plaintiff to comply with Local Rule 55.2(c), which requires a copy of the claim to which no response has been made and a copy of the proposed form of default judgment to be served upon Defendants. (Electronic Order dated Sept. 28, 2023.)

Since noting those deficiencies, Plaintiff has cured them. The renewed motion for default judgment (ECF No. 20), includes the SCRA and an affidavit confirming service of the required documents upon the defaulting Defendants (ECF No. 23.) Specifically, Avraham Y. Scher's affirmation in support of Plaintiff's motion for default judgment states that a formal inquiry was made to the Department of Defense Manpower Data Center's website, which confirmed that Gonzalez is not currently in the United States military. (ECF No. 21 at 4.) A status report pursuant to the SCRA is also attached indicating that Gonzalez is not nor has ever been a member of the military. (ECF No. 21-5 at 2.) The undersigned finds Plaintiff's attachment is sufficient to comply with the SCRA, as it shows "the requisite investigation into [the individual defendants'] military service was performed." *Innovative Sports Mgmt., Inc. v. Triangle Eatery & Bar, LLC*, No. 21-CV-6909 (AMD) (RER), 2022 WL 18151927, at *10 (E.D.N.Y. Dec. 14, 2022), *report and recommendation adopted*, 2023 WL 130835 (E.D.N.Y. Jan. 9, 2023); *see also ADI Glob. Distribution*, 2023 WL 3355049 at *3; *Bhagwat v. Queens Carpet Mall, Inc.*, No. 14-CV-5474 (ENV) (PK), 2017 WL 9989598, at *1 (E.D.N.Y. Nov. 21, 2017) (noting

"[c]ertification, as to the SCRA, of a defendant's military status can be obtained from the Department of Defense's Servicemembers Civil Relief Act website").

The motion against the defaulting Defendants complies with Local Rule 7.1 because it includes (1) a notice of motion (ECF No. 20); (2) a memorandum of law (ECF No. 22); and (3) affidavits and exhibits to support Plaintiff's contentions (ECF No. 21). The motion further complies with Local Rule 55, as Plaintiff has properly attached the Certificate of Default entered by the Court on October 6, 2023 (ECF No. 13), a copy of the Complaint (ECF No. 1), proposed judgment (ECF No. 21-9), and the affidavit of service of the requisite documents as to the Defendants via certified mail (ECF Nos. 21-7, 23) to its Motion. Accordingly, the undersigned finds that both Motions for Default Judgment are procedurally proper and turns to the merits of the Motions.[4]

## II.    **Default Factors**

In evaluating whether to grant a default judgment, courts consider: (i) whether the defendant's default is willful; (ii) whether the defendant has a meritorious defense to plaintiff's claims; and (iii) the level of prejudice the non-defaulting party would suffer if the motion for default judgment is denied. *See Trustees of Empire State Carpenters Annuity, Apprenticeship, Lab. Mgmt. Co-op., Pension & Welfare Funds v. Flooring Experts, Inc.*, No. 12-CV-6317 (ADS)(AKT), 2013 WL 4042357, at *2 (E.D.N.Y. Aug. 8, 2013), *report and recommendation adopted*, 2013 WL 4761151 (E.D.N.Y. Sept. 3, 2013); *cf. Brown v. Gabbidon*, No. 06-CV-8148 (HB), 2007 WL 1423788, at *4 (S.D.N.Y. May 14, 2007) ("A discussion of prejudice, willfulness and meritorious defenses is required once there is an entry of default or a default

---

[4] The undersigned notes that the SCRA is inapplicable as to the corporate Defendant, Andy Construction. *See Guanglei Jiao v. Shang Shang Qian Inc.*, No. 18-CV-5624 (ARR) (VMS), 2020 WL 6370148, at *9 (E.D.N.Y. Aug. 11, 2020), *report and recommendation adopted*, 2020 WL 5105063 (E.D.N.Y. Aug. 31, 2020) (only applying service members civil relief act to the individual defendants).

judgment and the court considers a request by a defaulting party to vacate that entry pursuant to Rules 55(c) or 60(b).").

Consideration of these three factors leads to a recommendation that an entry of default judgment is appropriate where, as here, Defendants have wholly failed to appear and present any defense, and Plaintiff is left with no further steps to take to secure relief.  *See ADI Glob. Distribution*, 2023 WL 3355049 at *4; *see also Flooring Experts*, *Inc*., 2013 WL 4042357 at *3 (when a defendant is continuously and completely unresponsive the failure to respond is considered willful), *report and recommendation adopted*, 2013 WL 4761151 (E.D.N.Y. Sept. 3, 2013); *Empire State Carpenters Welfare v. Darken Architectural Wood*, No. 11-CV-46 (JS) (AKT), 2012 WL 194075, at *3 (E.D.N.Y. Jan. 17, 2012) ("[T]he Court is unable to make a determination whether the Defendants have a meritorious defense since no such defense has been presented to the Court"), *report and recommendation adopted*, 2012 WL 832452 (E.D.N.Y. Mar. 12, 2012); *Northwell Health, Inc. v. Northwell Staffing Agency, LLC*, No. 17-CV-1611 (DRH) (AKT), 2018 WL 1525803, at *9 (Mar. 1, 2018) (noting that denying the motion for default judgment would be prejudicial to Plaintiff since "there are no additional steps available to secure relief in this Court"), *report and recommendation adopted*, 2018 WL 1525698 (E.D.N.Y. Mar. 28, 2018) (citations omitted).

**III.**   **Jurisdiction**

**A. Personal Jurisdiction**

"[B]efore a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant."  *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010).  Since a judgment rendered against a defendant over whom the Court does not have personal jurisdiction can be vacated pursuant to Rule 60(b)(4), it

"preserves judicial economy for the court to assess personal jurisdiction from the outset and thereby avoid rendering a void judgment." *Foshan Shunde Xinrunlian Textile Co. v. Asia 153 Ltd.*, No. 14-cv-4697 (DLI) (SMG), 2017 WL 696025, at *2 (E.D.N.Y. Jan. 30, 2017), *report and recommendation adopted*, Electronic Order (Mar. 21, 2017).  Here, "a *sua sponte* assessment of personal jurisdiction is appropriate" because Defendants have failed to appear in this action. *Id*.

For a court to exercise personal jurisdiction: (i) a plaintiff must complete proper service of process, (ii) there must be a statutory basis for personal jurisdiction that renders such service of process effective, and (iii) the exercise of personal jurisdiction must comport with constitutional due process principles. *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673. F.3d 50, 60-61 (2d Cir. 2012).

As an initial matter, service was procedurally proper here.  Rule 4(c) requires that a summons must be served with a copy of the Complaint and by a person who is at least 18 years old and not a party to the case. *See* Fed. R. Civ. P. 4(c).  Additionally, Rule 4(e) requires that to serve individuals either by: (i) delivering a copy of the summons and of the complaint to the individual personally; (ii) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (iii) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. *See* Fed. R. Civ. P. 4(e).  Here, Defendant Gonzalez was served at Gonzalez's workplace and assumed place of residence by delivering a copy of the summons and complaint upon his sister, Glenda Bercian. (ECF No. 10.)  Bercian is 35 years of age and therefore of suitable age and discretion at Defendant Gonzalez's actual place of business.  (*Id*.); *Velez v. Vassallo*, 203 F. Supp. 2d 312, 325 (S.D.N.Y. 2002) (quoting N.Y. C.P.L.R. 308(2)) (Fed. R. Civ. P. 4(e)(1) "permit[s] service

on individuals, just as service on corporations, to be made pursuant to the law of the state in which the district court is located. Under New York law, personal service may be effected on an individual by 'delivering the summons within the state to a person of suitable age and discretion at the [person's] actual place of business ... and by mailing the summons to the person to be served at his or her last known residence or ... actual place of business.'"). Therefore, service was proper for the individual Defendant.

Rule 4(h) provides that a domestic or foreign corporation may be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." *See* Fed. R. Civ. P. 4(h)(1)(B); *Hartford Fire Ins. Co. v. Queens Cnty. Carting, Inc*., No. 20-CV-01844 (NSR), 2022 WL 254367, at *2 (S.D.N.Y. Jan. 27, 2022) (quoting Fed. R. Civ. P. 4(h)(1)(A); (e)(1)) ("Under Rule 4(h)(1)(A), a corporation may be served 'in the manner prescribed by Rule 4(e)(1) for serving an individual,' which includes 'following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]'").

Under New York law, service on a corporation may be made by "personally delivering to and leaving with the secretary of state or a deputy, or with any person authorized by the secretary of state to receive such service, at the office of the department of state in the city of Albany, duplicate copies of such process together with the statutory fee" and "shall be complete when the secretary of state is so served." N.Y. Bus. Corp. Law § 306(b)(1). Here, the Affidavit of Service states that Defendant Andy Construction was personally served *and* served through the New York Secretary of State by delivering two copies with Authorized Agent Amy Lesch. (ECF No. 21-4.); *see Bergman v. Kids by the Bunch Too, Ltd.*, No. 14-CV-5005 (DRH) (SIL), 2018 WL

10

1402249, at *4 (E.D.N.Y. Feb. 16, 2018) (holding service was proper where the corporate

defendant was served when the Summons and Complaint was delivered to the New York

Secretary of State); *Hartford Fire Ins. Co*., No. 20-CV-01844 (NSR), 2022 WL 254367, at *2

(same).  Accordingly, service was proper for Andy Construction.

"Personal jurisdiction in a diversity case is determined by the law of the state in which

the district court sits."  *SAS Grp., Inc. v. Worldwide Inventions, Inc.*, 245 F. Supp. 2d 543, 547

(S.D.N.Y. 2003) (citing *Kernan v. Kurz–Hastings, Inc.,* 175 F.3d 236, 240 (2d Cir.1999)). The

same goes for a case arising under federal question jurisdiction unless the applicable federal

statute contemplates nationwide service of process, which, as relevant here, the FLSA does not.

*See Pettenato v. Beacon Health Options, Inc.,* 425 F. Supp. 3d 264, 277 (S.D.N.Y. 2019).   Thus,

the Court first looks to New York law for the purpose of determining personal jurisdiction over

Defendants in New York.  Then, the Court evaluates whether the "exercise of jurisdiction under

state law satisfies federal due process requirements of 'fair play and substantial justice.'"  *Mortg.

Funding Corp. v. Boyer Lake Pointe, LLC*, 379 F. Supp. 2d 282, 286 (E.D.N.Y. 2005) (quoting

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).  Under New York law there are two

routes for a court to exercise personal jurisdiction.  The Court considers each in turn below.

### 1. General Jurisdiction

The Court considers this issue in light of the Supreme Court's pronouncements in

*Daimler* and *Goodyear*, where the Court stated that other than in the "exceptional case," the

exercise of general jurisdiction is confined to a corporation's "place of incorporation and

principal place of business."  *See Aybar v. Aybar*, 177 N.E.3d 1257, 1265 (2021) (citing *Daimler

AG v. Bauman*, 571 U.S. 117 (2014)); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564

U.S. 915 (2011)).  The court has general jurisdiction over individuals who are domiciled within

the forum state.  Here, Defendant Andy Construction is a New York Corporation, with its place

of business in Roosevelt, New York.  (ECF No. 1 at ¶ 8.)  Thus, the Court has general

jurisdiction over Defendant Andy Construction.  The Court additionally has general jurisdiction

over individual Defendant Gonzalez who resides in New York.  *See Daimler AG v. Bauman*, 134

S. Ct. 746, 760 (2014) ("For an individual, the paradigm forum for the exercise of general

jurisdiction is the individual's domicile.").

### 2. Specific Jurisdiction

Second, pursuant to New York's long-arm statute, CPLR 302(a), a court "may exercise

personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . .

transacts any business within the state," as long as the Plaintiff's "cause of action aris[es] from"

that "transact[ion]."  CPLR 302(a).  This is known as specific jurisdiction and sometimes

referred to as long-arm jurisdiction.  To exercise specific jurisdiction through New York's long-

arm statute, "two requirements must be met: (1) The defendant must have transacted business

within the state[5]; and (2) the claim asserted must arise from that business activity."  *Sole Resort,*

---

[5]  "To determine whether a party has 'transacted business' in New York, courts must look at the totality of

circumstances concerning the party's interactions with, and activities within, the state."  *D.H. Blair & Co.*

*v. Gottdiener*, 462 F.3d 95, 105 (2d Cir. 2006).  Courts consider the following factors:

> (i) whether the defendant has an on-going contractual relationship with a New York
> corporation; (ii) whether the contract was negotiated or executed in New York and
> whether, after executing a contract with a New York business, the defendant has visited
> New York for the purpose of meeting with parties to the contract regarding the
> relationship; (iii) what the choice-of-law clause is in any such contract; and (iv) whether
> the contract requires franchisees to send notices and payments into the forum state or
> subjects them to supervision by the corporation in the forum state.

*Sunward, Inc.*, 362 F.3d 17 at 22 (quoting *Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.*, 98

F.3d 25, 29 (2d Cir.1996) (internal citations omitted)).

*S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006) (citing *McGowan v. Smith,* 52 N.Y.2d 268, 273, 437 N.Y.S.2d 643, 419 N.E.2d 321 (1981)).

"Section 302(a) also requires that the claims asserted 'aris[e] from any of the acts' that provide the basis for exercising jurisdiction." *Sea Tow Servs. Int'l, Inc v. Pontin.*, 472 F. Supp. 2d 349, 360 (E.D.N.Y. 2007) (quoting CPLR 302(a)). "[A] claim 'aris[es] from' a particular transaction when there is 'some articulable nexus between the business transacted and the cause of action sued upon.'" *Id.* (quoting *Sole Resort,* 450 F.3d at 103). "A plaintiff must establish the court's jurisdiction with respect to each claim asserted." *Sunward Electronics, Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir. 2003); *see also Int'l Equity Investments, Inc. v. Opportunity Equity Partners, Ltd.*, 475 F. Supp. 2d 456, 460 (S.D.N.Y. 2007) (noting that "personal jurisdiction must be determined on a claim-by-claim basis").

Here, as articulated above, the individual Defendant resides in New York, as Defendant Gonzalez was served at his residence in New York. Further, Defendant Andy Construction operates its business in Roosevelt, New York. Thus, because Plaintiff claims violations of the FLSA and NYLL related to overtime wages and wage statements and notices in New York, there is a basis for exercise of this Court's jurisdiction.

"The exercise of long arm jurisdiction over Defendants by a New York court must also satisfy constitutional due process standards." *Id.* To satisfy the requirements of due process, the defendant's activities in New York must constitute "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum States, thus invoking the benefits and the protection of its laws." *NW Direct Design & Mfg., Inc. v. Glob. Brand Mktg., Inc.,* No. 98-cv-4756 (LAP), 1999 WL 493348, at *3 (S.D.N.Y. July 12, 1999)

(quoting *Burger King*, 471 U.S. at 475).  This involves a two-fold inquiry: (1) "minimum contacts," and (2) "reasonableness."  *Sea Tow Servs. Int'l*, 472 F. Supp. 2d at 360.

      *First*, the Court is satisfied that Plaintiff's claims arise out of Defendants' contacts with New York and support specific jurisdiction because this lawsuit stems from those very business transactions.  *Second*, the exercise of specific jurisdiction is reasonable.  The factors supporting this conclusion include:

> (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies.

*Id*. (quoting *Asahi Metal Indus. Co., Ltd. v. Superior Ct. of Calif., Solano Cty.*, 480 U.S. 102, 113 (1987)).

      Plaintiff is a New York resident and brought this case in New York.  Moreover, the individual Defendant resides and operates his business in New York.  The Court finds the remaining factors to be neutral, and given Defendants' default, it has not been provided, nor does it find, any reason why exercise of specific jurisdiction would be unreasonable.  Accordingly, based upon the foregoing, the undersigned finds that there is a sufficient basis to exercise personal jurisdiction over both Defendants.

**IV.**    <u>**Liability**</u>

      When a defendant defaults, the court "is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in its favor[.]"  *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).  A defendant's default is considered an admission of all of well-pleaded allegations of liability.  *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d. Cir. 1992); *Morales v. B&M Gen. Renovation Inc.*, No. 14-CV-7290, 2016

WL 1266624, at *2 (E.D.N.Y. Mar. 9, 2016), *report and recommendation adopted*, 2016 WL

1258482 (Mar. 29, 2016).

### A. Statute of Limitations

Before delving into the merits of Plaintiff's claims, the Court must first satisfy itself that

Plaintiff has brought them in a timely manner.  "The limitations period for FLSA claims is two

years, 'except that a cause of action arising out of a willful violation may be commenced within

three years.'"  *Whiteside v. Hover-Davis, Inc*., 995 F.3d 315, 319 (2d Cir. 2021) (quoting 29

U.S.C. § 255(a)). "When a defendant defaults, the violation is considered willful and the three-

year statute of limitations applies." *Esquivel v. Lima Rest. Corp*., No. 20-CV-2914 (ENV)

(MMH), 2023 WL 6338666, at *5 (E.D.N.Y. Sept. 29, 2023) (*quoting Rodriguez v. Queens

Convenience Deli Corp.*, No. 09-CV-1089 (KAM) (SMG), 2011 WL 4962397, at *2 (E.D.N.Y.

Oct. 18, 2011)).  The NYLL imposes a six-year limitation for wage coverage.  *See* N.Y. Lab.

Law §§ 198(3), 663(3).  The statute of limitations for both the FLSA and the NYLL begin to run

when the employee begins working for the employer.  *See Queens Convenience Deli Corp.*, 2011

WL 4962397 at *2.

Here, Plaintiff commenced this action on October 26, 2022.  (ECF No. 1.)  Plaintiff

began working for Defendants at Andy Construction in March 2021 until approximately

September 2022.  (*Id*.)  Thus, Plaintiff is well within the applicable statute of limitations under

both the FLSA and NYLL.

### B.  Count One: FLSA Overtime Claim

Plaintiff claims that Defendants failed to pay him his overtime wages in excess of forty

(40) hours per workweek.  (ECF No. 1.)  To successfully plead an overtime claim under the

FLSA, a Plaintiff must establish: "(1) the employer was an enterprise engaged in commerce or in

the production of goods for commerce; (2) the plaintiff is an 'employee' within the meaning of

the FLSA; and (3) that the plaintiff worked in excess of forty (40) hours in a given workweek

and did not receive overtime compensation for such work." *Zavada v. Mehbizar, Inc.*, No. 23-

cv-03682 (OEM) (ARL), 2024 U.S. Dist. LEXIS 31471, at *3-4 (E.D.N.Y. Feb. 23, 2024) (citing

*Erdemir v. Allstate Marble & Granite, Kitchens & Baths Inc.,* No. 18-CV-06103, 2023 WL

8270891, at *11 (E.D.N.Y. Nov. 30, 2023)).

### 1. Whether Defendants Were Engaged in Commerce or in the Production of Goods for Commerce

Employers are subject to FLSA's overtime requirements if the employees are "engaged in

commerce or in the production of goods for commerce" or "employed in an enterprise engaged

in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). Courts have

deemed these two methods as individual coverage and enterprise coverage, respectively. *Cao v.*

*Flushing Paris Wedding LLC*, No. 20-CV-2336, 2024 WL 675924, at *15 (E.D.N.Y. Feb. 18,

2024); *Queens Convenience Deli Corp*., 2011 WL 4962397 at *6.

#### a. Enterprise Coverage

Enterprise coverage is defined statutorily as when an employer has: (i) employees

engaged in commerce or in the production of goods for commerce; and (ii) an annual gross

volume of sales greater than $500,000. 29 U.S.C. § 203(s)(1)(A). The burden on plaintiffs to

establish enterprise coverage is light. *Oyenuga v. Presidential Sec. Servs. LLC,* No. 22-CV-4972

(DG) (RER), 2023 WL 7687237, at *3 (E.D.N.Y. Sept. 25, 2023) (recognizing enterprise

coverage notwithstanding conclusory allegations in the complaint.) Courts may make logical

inferences based on the nature of the business to find employees engaged in commerce. *See*

*Fermin v. Las Delicias Peruanas Rest., Inc*., 93 F. Supp. 3d 19, 33 (E.D.N.Y. 2015) (inferring a

restaurant engaged in commence to procure cooking supplies). Although courts may make such

logical inferences, parroting statutory language without including specific facts is not enough to meet enterprise coverage. *Oyenuga*, 2023 WL 7687237 at *4 ("Absent specific facts, enterprise coverage cannot be inferred."); *see also Zavada*, 2024 WL 759351 at *3 ("Plaintiff's barebones invocation of the statutory language under the FLSA does not suffice to plead enterprise coverage under the FLSA."). However, courts have noted "virtually every enterprise in the nation doing the requisite dollar volume of business is covered by the FLSA." *Soto v. Miss Laser Inc.*, No. 19-CV-4745, 2023 WL 319547, at *4 (E.D.N.Y. Jan. 19, 2023). Furthermore, in the context of a default, some courts do not require additional factual allegations to establish enterprise coverage and the statutory language may be satisfactory. *Garcia v. 2390 Creston Realty LLC,* No. 22-CV-09172-LGS, 2023 WL 4849889, at *6 (S.D.N.Y. July 28, 2023).

The Complaint alleges that Andy Construction "has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce . . . and has had employees engaged in interstate commerce, and/or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce." (ECF No. 1 at ¶ 18.) Further, Plaintiff's Memorandum of Law states that "Plaintiff proffers sufficient facts (*inter alia* via his daily, personal observations, and experiences) to demonstrate that Andy Construction is an enterprise . . . ." (ECF No. 22 at 10.) Plaintiff fails to allege anything beyond conclusory allegations related to the commerce prong. For example, he did not allege that he or any other employees *personally* handled goods moved in interstate commerce or that the materials were sourced outside of New York. *Singh v. Golam,* No. 19-CV-4687 (PKC) (LB), 2022 U.S. Dist. LEXIS 179520, at *18 (E.D.N.Y. Sept. 30, 2022) (recommending a finding of no enterprise coverage where plaintiffs only alleged that defendant

purchased and handled goods but did not state whether "they or other employees engaged in interstate commerce").

In an attempt to satisfy the second element, Plaintiff alleged that Andy Construction "has an annual gross volume of sales of not less than $500,000." (ECF No. 1 at ¶ 18).   Plaintiff further states that he has proffered "supporting factual matter to casually [sic] connect the work that the Plaintiff personally performed for Mr. Gonzalez at Andy Construction daily, with the statutory requirement to establish the necessary elements." (ECF No. 22 at 11.)   However, besides Plaintiff's basic allegations, he does not identify the specific amount of Andy Construction's gross volume of sales. *See Singh,* 2022 U.S. Dist. LEXIS 179520 at *19 (finding that restating the statutory amount may only be sufficient if it is "reasonable to infer that the myriad goods necessary to operate the enterprise and over $500,000.00 in annual sales did not exclusively come from New York").   Notably, Plaintiff had the opportunity to elaborate on the enterprise coverage component when he was directed to refile this motion for default judgment and could have provided additional support for these assertions in the renewed Memorandum of Law.   However, these naked allegations cannot hold water at this juncture.

Indeed, several cases in this Circuit have found statements similar to Plaintiff's to be a mere parroting of the statutory language.   For example, the court in *Jian Guo Yang v. Zhou's Yummy Rest., Inc.,* No. 19-CV-5203 (CBA) (SJB), 2022 U.S. Dist. LEXIS 222571, at *18 (E.D.N.Y. Dec. 8, 2022), *report and recommendation adopted,* 2023 U.S. Dist. LEXIS 35908 (E.D.N.Y. Mar. 3, 2023) stated:

> The allegation that Zhou's Yummy purchased and handled goods in interstate commerce does little more than parrot the statutory language with synonyms, and says nothing about the employees, including whether any employee is engaged in commerce or working on or selling goods that move in commerce. Such allegations are insufficient to establish enterprise coverage. Where a plaintiff merely repeats the statutory language of FLSA and fails to provide sufficient facts for the Court to infer that defendant is an enterprise

"engaged in interstate commerce," the Complaint does not meet the necessary pleading threshold for a default judgment to be entered.

And, in a decision on defendant's motion to dismiss, Judge Merchant found insufficient plaintiff's allegation that defendants "continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA" and that the defendants "have had annual gross revenues in excess of five-hundred-thousand dollars." *Zavada,* 2024 U.S. Dist. LEXIS 31471 at *8. She further found that "merely repeat[ing] the statutory language under the FLSA" fails to satisfy the pleading standard. *Id.*; *see also Santacruz v. Blok Chocolatier LLC,* No. 19-CV-544 (EK) (SJB), 2021 U.S. Dist. LEXIS 118414, at *12 (E.D.N.Y. June 23, 2021), *report and recommendation adopted,* 2021 U.S. Dist. LEXIS 182335 (Sept. 23, 2021) (finding no enterprise coverage where plaintiff did not "tie [defendants'] business to interstate commerce" and noting the allegations merely parroted the statute").

In contrast, in a NYLL and FLSA case, Judge Choudhury recently found that plaintiff's assertions that defendant's gross revenues amounted to approximately $1,200,000 a year *was* sufficient to establish the second prong of the enterprise coverage analysis. *See Leo v. Province Therapeutics,* No. 23-cv-5418 (NJC) (JMW), 2024 WL 456824 (E.D.N.Y. Feb. 6, 2024). Here, however, Plaintiff fails to make allege an amount certain, which is fatal to establishing enterprise coverage.

For these reasons, the undersigned finds that Plaintiff has failed to establish enterprise coverage due to the lack of detail regarding commerce and Defendants' annual gross sales.

### b.  Individual Coverage

Likewise, the allegations against the individual Defendant are equally deficient. Individual coverage is implicated when "a substantial part of [an] employee's work [is] related to interstate commerce." *Gao v. Savour Sichuan Inc.,* No. 19-CV-2515 (JPC), 2024 WL 664718, at

*14 (S.D.N.Y. Feb. 16, 2024) (quoting *Boekemeier v. Fourth Universalist Soc. in City of N.Y.*, 86 F. Supp. 2d 280, 287 (S.D.N.Y. 2000)).  Commerce is known as the "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof."  29 U.S.C. § 203(b).  Employment activities that "simply affect or indirectly relate to interstate commerce" are insufficient to establish individual coverage.  *See Zavada*, 2024 WL 759351 at *3.  Similarly, mere recitation of statutory language is insufficient to establish individual coverage.  *See Jones v. SCO Fam. of Servs.,* 202 F. Supp. 3d 345, 351 (S.D.N.Y. 2016).

Here, Plaintiff has failed to provide a nexus between his employment and interstate commerce or otherwise make allegations to demonstrate he engaged in the production of goods to establish individual coverage.  The Complaint contends that as a roofer and construction worker he "engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce . . . ."  (ECF No. 1 at ¶ 44.)  These conclusory allegations do not indicate a single interstate component to Plaintiff's work.  *See Santacruz,* 2021 U.S. Dist. LEXIS 118414 at *9 ("As a basic rule, if the plaintiff did not have any contact with out-of-state customers or businesses, he cannot be individually covered under the FLSA.") (internal citations omitted); *Zavada,* 2024 U.S. Dist. LEXIS 31471 at *10 (finding the complaint bereft of any interstate components related to plaintiff's work as a kitchen cook for defendants); *Duarte v. Falcon Gen. Constr. Servs.,* No. 13-CV-596 (ADS) (GRB), 2014 U.S. Dist. LEXIS 140558, at *14 (E.D.N.Y. Sept. 11, 2014), *report and recommendation adopted*, 2014 U.S. Dist. LEXIS 139033 (Sept. 30, 2014) (denying a finding of individual coverage even where plaintiffs alleged they performed "general construction labor, including but not limited, building foundations, and the remodeling of commercial buildings" because it was insufficient to show

20

whether plaintiffs engaged in commerce or in the production of goods or commerce and "given the local nature of construction work," it was likely "that plaintiffs did *not* produce goods for movement in interstate commerce") (emphasis added). Notably, Plaintiff's Memorandum of Law contains no further facts to support the allegations made in the Complaint. For these reasons, individual coverage has not been established and Plaintiff's FLSA claim fails.

## 2. The Employer-Employee Relationship under the FLSA

Even if coverage as to the enterprise and individual is established, the Court next analyzes whether Plaintiff has established an employer-employee relationship under the FLSA. To hold defendant accountable, plaintiff must also establish an employee-employer relationship between the parties. *See Zavada,* 2024 U.S. Dist. LEXIS 31471 at *3-4; *see also Payamps v. M & M Convenience Deli & Grocery Corp.,* No. 16-CV-4895 (LDH) (SJB), 2019 WL 8381264, at *6 (E.D.N.Y. Dec. 9, 2019). "Employee" is broadly defined under the FLSA as any "individual employed by an employer." 29 U.S.C. § 203(e)(1). The FLSA defines an employer as "any person [or corporation] acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "Employ" is defined as to "suffer or permit to work." 29 U.S.C. § 203(g). Pleadings that allege employee status are sufficient to qualify as an employee under the FLSA. *Flushing Paris Wedding LLC*, WL 675924, at *16 ("Each Plaintiff herein satisfies this definition insofar as they allege that Defaulting Defendants employed them in various positions within this statutory meaning.").

The Second Circuit has provided that the employer-employee inquiry should be grounded in "economic reality rather than technical concepts." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013). To determine if a defendant is an employer, courts analyze whether the employer: "(1) had the power to hire and fire the employees, (2) supervised and controlled

21

employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Irizarry v. Catsimatidis*, 722 F.3d 99, 105 (2d Cir. 2013) (quoting *Carter v. Dutchess Community College,* 735 F.2d 8, 12 (2d Cir. 1984)). None of these factors is dispositive but courts must look at the "totality of the circumstances" when applying this test. *See Erdemir v. Allstate Marble & Granite, Kitchens & Baths, Inc.,* No. 18-cv-06103 (LDH) (AYS), 2023 U.S. Dist. LEXIS 213434, at *26 (E.D.N.Y. Nov. 30, 2023).

Here, Plaintiff alleges he was employed by Andy Construction and therefore qualifies as an employee under the FLSA. (ECF No. 1 at ¶ 7.) According to the Complaint, Plaintiff states that Gonzalez:

(1) had the exclusive final power to hire, fire, and terminate the employees of Andy Construction NY Inc., including the Plaintiff" (ECF No. 1 at ¶¶ 14-15);

(2) was "responsible for overseeing the daily operations of Andy Construction NY Inc." (*id.* at ¶ 11), had the "power and authority over all the final personnel [and payroll] decisions," (*id.* at ¶¶ 12-13) and set Plaintiff's work schedules (*id.* at ¶ 16);

(3) "determine[ed], establish[ed], and pa[id] the wages of all employees" (*id.* ¶ 16); and

(4) "maintain[ed] all [employees'] employment records of the business." (*Id.*)

Thus, construing all of Plaintiff's allegations in his favor, Plaintiff has established that Defendant is an "employer" pursuant to 29 U.S.C. § 203(d). *See Zavada,* 2024 U.S. Dist. LEXIS 31471 at *5-6 (finding plaintiff's allegations, *inter alia,* regarding control over daily operations to be sufficient to establish the relationship between employer and employee).

Further, Plaintiff has set adequately set forth facts indicating that both Defendants, Andy Construction and Bernardino Gonzalez should be jointly and severally liable for the overtime

wages.  The court in *Pichardo v. Fifty Five Long Island Corp.,* No. 20-CV-2652 (CBA) (RML), 2021 U.S. Dist. LEXIS 145503, at *10-11 (E.D.N.Y. Aug. 2, 2021) stated:

> The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, [and is therefore] jointly and severally liable under the FLSA for unpaid wages. In the context of a default, joint and several liability may be established based on limited detail about the relationship of defendants.

Although here the Complaint and Memorandum of Law are scant regarding Andy Construction's control, courts in this Circuit have found that where the complaint alleges the individual defendant's control of the day-to-day operations, coupled with their default, it is sufficient to impose joint and several liability on both defendants.  *See Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-CV-3314 (SJ) (RER), 2015 U.S. Dist. LEXIS 126019, at *7-8 (finding plaintiffs' allegations about individual defendant's power and supervision along with the default to be enough to impose joint and several liability with the corporate defendant); *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 128-129 (E.D.N.Y. 2011), *report and recommendation adopted,* 784 F. Supp. 2d 114 (E.D.N.Y. 2011) (stating that individual defendant met the *Carter* test and recommending that all defendants be held jointly and severally liable).  Thus, given Plaintiff's assertions, both Defendants can be held liable for the overtime wages.

The FLSA contains numerous exemptions for certain employees.  *See* U.S.C. 29 § 213 (explaining exemptions to coverage by the statute).  Some of those exempted from the FLSA include "bona fide 'professional' employees, a group that includes employees compensated on a salary basis at a rate of not less than $455.00 per week and whose primary duties require advanced knowledge in a field of science or learning." *Ghosh v. Neurological Servs. of Queens*, No. 13-CV-1113 (ILG) (CLP), 2015 WL 431807, at *3 (E.D.N.Y. Feb. 3, 2015).

Here, exemption under the FLSA is an affirmative defense and the *employer* has the burden of proving the employee's exemption. *Hosseini v. Miilkiina LLC,* No. 22-cv-1459 (LJL), 2023 U.S. Dist. LEXIS 193720, at *7 n.1 (S.D.N.Y. Oct. 27, 2023). Further, none of the exceptions would apply to construction employees. *See Sanchez,* No. 19-CV-04524 (KAM) (PK), 2023 U.S. Dist. LEXIS 32450, at *15 (E.D.N.Y. Feb. 24, 2023) (citing cases). Because Defendants have defaulted, this affirmative defense is deemed waived. *Hosseini,* 2023 U.S. Dist. LEXIS 193720 at *7 n.1. Accordingly, Plaintiff has sufficiently established an employer-employee relationship under the FLSA.

### 3. Whether Plaintiff Was Compensated for Work Performed in Excess of Forty Hours

In the event that the District Court finds that Plaintiff has made a sufficient showing for FLSA coverage, the Court next analyzes the merits of Plaintiff's FLSA overtime claims. Plaintiff claims he is owed $163,491.43 as a result of Defendants' failure to pay him for 82.57 weeks in overtime wages. (*See* ECF No. 21-8.)

Upon showing that the employment is covered under the FLSA, plaintiff must next demonstrate that defendants did not comply with the FLSA requirements. *Singh,* 2022 U.S. Dist. LEXIS 179520 at *24. Under the FLSA, "an employee must be compensated at a rate of no less than one and-one-half times the regular rate of pay for any hours worked in excess of forty per week." *Nakahata v. New York-Presbyterian Health Care Sys., Inc.,* 723 F.3d 192, 200 (2d Cir. 2013) (citing 29 U.S.C. § 207(a)). Plaintiffs must provide sufficient detail demonstrating that they worked more than forty hours a week and were not compensated for the hours worked in excess of forty hours. *See Sanchez,* 2022 U.S. Dist. LEXIS 32450, at *19.

Here, Plaintiff has established that he regularly worked 84 hours six days a week throughout the course of his employment with Defendants. He states that he is entitled to over

$160,000 in overtime wages as a result of Defendants' failure to adequately pay him for this time.  Accepting Plaintiff's allegations as true, as the Court must do on a motion for default judgment, the Court recommends finding that Plaintiff has established that Defendants failed to pay him $163,491.43 in overtime wages.  *See Da Silva v. Bennet St. Dev. Corp.*, No. 05-CV-2989, 2010 U.S. Dist. LEXIS 112832, 2010 WL 11651766, at *4 (E.D.N.Y. Sept. 24, 2010), *report and recommendation adopted*, 2010 WL 11651765 (E.D.N.Y. Oct. 21, 2010) (holding that "in the default context, where the defendants have failed to dispute plaintiffs' allegations, plaintiffs have provided a sufficient basis for determination of damages" even though plaintiff's filings were "sparse, at best").

## C.  NYLL Claims

Because the undersigned recommends denying Plaintiff's claim for FLSA liability based on his failure to establish coverage, the Court also recommends that it dismiss the Complaint and decline to exercise jurisdiction over the NYLL claims.  *See Santacruz,* 2021 U.S. Dist. LEXIS 118414 at *15 (recommending that the default judgment motion be denied and the clerk close the case); *Singh,* 2022 U.S. Dist. LEXIS 179520 at *23 ("Generally, courts have found it appropriate to decline exercise of supplemental jurisdiction over state law claims where all FLSA claims have been dismissed."); *see also Fernandez v. Main Glatt Corp.,* No. 12- CV-986 (SJ) (VVP), 2014 U.S. Dist. LEXIS 44879, at *11 (E.D.N.Y. Mar. 14, 2014) (declining to exercise jurisdiction over state claims and recommending that the motion be denied and the complaint be dismissed with leave to replead in 30 days).

Nonetheless, in the event that Judge Merchant decides to exercise supplemental jurisdiction over the state claims, the undersigned explores the merits of Plaintiff's NYLL claims.  *See Setty v. Synergy Fitness,* No. 17-CV-06504 (NGG) (SMG), 2018 U.S. Dist. LEXIS

213878 (E.D.N.Y. Dec. 18, 2018), *report and recommendation adopted,* 2019 U.S. Dist. LEXIS

47236 (E.D.N.Y. Mar. 20, 2019) (finding that plaintiffs failed to plead their FLSA and other

claims but were able to establish NYLL coverage.  Plaintiff seeks to hold Defendants liable

under the NYLL for unpaid overtime wages, Defendants' failure to provide wage statement, and

violations of the notice and recordkeeping requirements.  (ECF No. 1).

"New York's Labor Law is the state analogue to the federal FLSA."  *Santillan v. Henao,*

822 F.Supp.2d 284, 292 (E.D.N.Y.2011).  However, the NYLL "does not require that a

defendant achieve a certain minimum in annual sales or business in order to be subject to the

law."  *Garcia v. Badyna*, No. 12-cv-4021 (RPM) (CLP), 2014 WL 4728287, at *6 (E.D.N.Y.

Sept. 23, 2014).  Similarly, it is not required for plaintiffs to show that defendants engaged in

interstate commerce to recover under the NYLL.  *See Ethelbert v. Choice Sec. Co*., 91 F.

Supp.3d 339, 360 (E.D.N.Y. 2015).

To recover under the NYLL, a Plaintiff must prove "that he was an employee and that

Defendants were employer[s] as defined by the statute and accompanying regulations."  *Id.*

(citing NYLL § 650 *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 12, § 142–2.2).  The NYLL

defines an employer as any "individual, partnership, association, corporation, limited liability

company, business trust, legal representative, or any organized group of persons acting as

employer."  NYLL § 651(6).  An employee is one who is "employed for hire by an employer in

any employment."  NYLL § 190(2).  Further, the test for the employer-employee relationship is

based on the same factors as that under the FLSA.  *Miranda v. Astoria Provisions, LLC,* No. 19-

CV-02923 (EK) (PK), 2020 U.S. Dist. LEXIS 133644, at *13 (E.D.N.Y. July 24, 2020); *see also*

*Setty,* 2018 U.S. Dist. LEXIS 213878, at *37-38 (setting out the economic realities test factors).

As a threshold matter, Plaintiff is entitled to coverage under the NYLL. Even if Plaintiff failed to meet the statutory requirements of enterprise or individual coverage under the FLSA, he has established the employment relationship under the NYLL in identifying Gonzalez's control over the daily operations of Andy Construction. And, as stated above, both the corporate Defendant and individual Defendant can be held liable as Plaintiffs' employers in this instance. *See id.* at *38. The NYLL does not require the Plaintiff to establish whether the relationship (i) entailed interstate commerce or (ii) involved a defendant that made over $500,000 in annual sales, which were two components absent in Plaintiff's Complaint. Therefore, the NYLL applies here.

### 1. Count Two: Overtime Wages under the NYLL

The NYLL requires employers to pay an overtime rate of one and one-half times the employee's regular rate of pay. NY. Comp. Codes R. & Regs. Tit. 12, § 142-2.2; *see also Agureyev v. H.K. Second Ave. Rest., Inc.,* No. 17-CV-7336 (SLC), 2021 WL 847977, at *7 (S.D.N.Y. Mar. 5, 2021). To successfully plead an overtime claim, a plaintiff "must allege only that []he worked compensable overtime in a workweek longer than forty hours, and that []he was not properly compensated for that overtime." *Tackie v. Keff Enter., Inc*., No. 14-cv-2074 (JPO), 2014 WL 4626229, at *3 (S.D.N.Y. Sept. 16, 2014).

Here, Plaintiff alleges that, from March 2021 through September of 2022, he worked for Defendants for six days per week for approximately 14 hours a day. (ECF No. 1 at ¶ 22.) Plaintiff was paid at a weekly rate of $1,200 per week and never received additional compensation for the work in excess of the forty hours per week. (*Id*. at ¶¶ 23, 24). As with the FLSA overtime claims, this would be sufficient for Plaintiff to receive damages for lack of overtime compensation under the NYLL. *See Gonzalez v. Emp. Sols. Staffing Grp., LLC.*, No.

19-V-00127 (ENV) (PK), 2023 U.S. Dist. LEXIS 194692, at *24-25 (E.D.N.Y. Oct. 30, 2023) (finding plaintiff pled a sufficient overtime claim under NYLL).

### 2. Counts Three and Four: Notice and Wage Statement Claims

Plaintiff brings claims under the NYLL alleging that Defendants failed to provide him with his wage statements and notices and failed to adequately maintain records as required under NYLL §§ 195(1), (3).  (ECF No. 1.)

Under the NYLL's notice and wage statement provisions, employers are statutorily required to provide each employee a notice of their rate of pay and a wage statement listing specific information with each paycheck.  The notice must contain "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other." *Id* § 195(1)(a).  Further, the employer must also "obtain from the employee a signed and dated written acknowledgement, in English and in the primary language of the employee, of receipt of this notice." *Id.*  The wage statements must include "the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions." *Id*. § 195(3).  An employer who fails to provide notices and statements is liable for statutory damages. *See id*. § 198(1-b), (1-d).

Recently, the Supreme Court rejected "the proposition that 'a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021) (quoting *Spokeo*, 578 U.S. at 341).  Article III standing must be satisfied in order to comply with *TransUnion*.  "The requirements of Article III standing are well established: '[A] plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to

the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable

judicial decision.'" *Lacewell v. Off. of Comptroller of Currency*, 999 F.3d 130, 141 (2d Cir.

2021) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). "At the default judgment

stage, as at the motion to dismiss stage, the plaintiff 'bears the burden of alleging facts that

affirmatively and plausibly suggest that the plaintiff has standing to sue.'" *Hennessy ex rel.*

*Hennessy v. Poetica Coffee Inc.*, No. 21-CV-5063 (KAM) (RML), 2022 WL 4095557, at *2

(E.D.N.Y. Sept. 7, 2022) (quoting *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 75 (2d Cir.

2022)).

   Here, Plaintiff failed to plead that he suffered an injury in fact sufficient to satisfy the

standing requirement.  Regarding the notice and wage claims, Plaintiff merely alleges,

"Defendants willfully failed to post notices of the minimum wage and overtime wage

requirements in a conspicuous place at the location of their employment . . . ." (ECF No. 1 at ¶

25).  It is further alleged that Defendants "willfully failed to keep payroll records" and "willfully

failed to provide Plaintiff a written notice . . . of his applicable regular rate of pay . . . ." (*Id*. at

¶¶ 27, 28).  Plaintiff's Complaint does not contain any indication that an injury in fact was

suffered and is merely a recitation of the statutory language.  Moreover, Plaintiff's Memorandum

of Law does not contain any additional support for this Court to find that the standing

requirement has been satisfied.  Therefore, it is recommended that Plaintiff's notice and wage

claims be dismissed.  *See Belliard v. Tarnovsky*, No. 20-CV-1055, 2023 WL 3004963, at *6

(S.D.N.Y. Mar. 6, 2023) (declining to award statutory damages under the NYLL because

plaintiff "merely state[d] that he was not provided the new hire notice or wage statements" and

failed to "assert any other facts describing the injury in fact caused by not receiving these

documents"), *report and recommendation adopted*, 2023 WL 3304723 (S.D.N.Y. May 8, 2023);

*see also Leo v. Province Therapeutics, LLC, et al.*, No. 23-cv-5418 (NJC) (JMW), 2024 U.S. Dist. LEXIS 20802, at *23 (E.D.N.Y. Feb. 6, 2024) (finding plaintiff's allegation devoid of factual support to find defendant liable for NYLL claims).

## V. **Damages**

Once liability for default is established, the next inquiry is damages. A party's default constitutes a concession of all well pleaded allegations, however, such default "is not considered an admission of damages." *Double Green Produce, Inc. v. F. Supermarket Inc.*, 387 F. Supp. 3d 260, 271 (E.D.N.Y. 2019) (quoting *Cement & Concrete Workers Dist. Council Welfare Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012)).

While "the default establishes a defendant's liability, unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded." *See Griffiths v. Francillon*, No. 10-CV-3101, 2012 WL 1341077, at *1 (E.D.N.Y. Jan. 30, 2012) (quotations omitted), *report and recommendation adopted*, 2012 WL 1354481, at *2 (Apr. 13, 2012); *Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)) ("The court must conduct an inquiry to ascertain the amount of damages with reasonable certainty.")  Under Rule 55(b)(2), "it [is] not necessary for the District Court to hold a hearing" to determine the amount of damages, "as long as it ensured that there was a basis for the damages specified in the default judgment." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989); *see also Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Gilbert*, No. 20-CV-1441, 2022 WL 344270, at *3 (N.D.N.Y. Feb. 4, 2022) ("A hearing is not necessary where the record contains detailed affidavits and

documentary evidence that enables the court to evaluate the proposed sum and determine an award of damages.").

Here, Plaintiff requests the following damages:

- Unpaid overtime in the amount $163,491.43,

- Liquidated damages in an amount equal to the statutory damages of $163,491.43,

- $10,000 damages for the willful violations pursuant to the Wage Theft Protection Act, and

- Post-judgment interest.

All of these requested damages amount to $336,982.85. (ECF No. 21 at 7.)

## A. Overtime Damages

In the event that the District Judge finds that Plaintiff has established liability for both overtime claims under the FLSA and NYLL, the Court next looks to whether Plaintiff has sufficiently outlined his damages. "When a defendant fails to appear and produce employment records, the Court may credit a plaintiff's assertions regarding the hours they worked and the compensation they received, even when based only on plaintiff's recollection." *Singh,* 2022 U.S. Dist. LEXIS 179520 at *28. A plaintiff may not recover twice under the FLSA and NYLL. *Hosseini v. Miilkiina LLC,* No. 22-cv-1459 (LJL), 2023 U.S. Dist. LEXIS 193720 (S.D.N.Y. Oct. 27, 2023) ("Although Defendants violated the overtime requirements of both the FLSA and NYLL, Plaintiff may not recover twice by collecting awards under both statutes.").

Here, Plaintiff's regular rate was $30.00, which means that his overtime rate is $45.00 per hour. He was employed with Defendants from March 1, 2021 through September 30, 2022, and Defendants failed to pay him his overtime wages for 82.57 weeks. Plaintiff further alleges that he worked 84 hours a week, with 44 of those hours constituting overtime. Thus, he claims he is

owed $163,491.43 in overtime wages (82.57*$45.00*44 hours).  Plaintiff has provided damages

calculations based on his employment with Defendants.  (ECF No. 22 at 14.)  This appears to be

a reasonable account and Plaintiff's method of calculation should be adopted.

| OVERTIME OWED | | | | | |
|---|---|---|---|---|---|
| Time Period | | Weeks Worked | **Time and Half Rate Owed | Actual OT Hours per Week | Total |
| 3/1/2021 | 9/30/2022 | 82.57 | $                    45.00 | 44 | $            163,491.43 |

Accordingly, the undersigned finds that Plaintiff is entitled to receive overtime wages in

the amount of $163,491.43.  Having found that Plaintiff sufficiently alleged a NYLL claim, he

can thus recover the appropriate overtime wages, but would *not* be able to recover for the same

overtime wages under the FLSA claim if given leave to re-plead his FLSA claim.

### B.  Liquidated Damages

The FLSA provides liquidated damages when a defendant fails to demonstrate good faith.

"Under the FLSA, an employer may be liable for liquidated damages 'in an additional equal

amount' to the amount owed for 'unpaid minimum wages, or ... unpaid overtime

compensation.'" *Begum v. Ariba Discount, Inc.,* No. 12-cv-6620 (DLC), 2015 WL 223780, at *2

(S.D.N.Y. Jan. 16, 2015) (quoting 29 U.S.C. § 216(b)).  "But 'if the employer shows ... that the

act or omission giving rise to [FLSA liability] was in good faith and that he had reasonable

grounds for believing that his act or omission was not a violation of the [FLSA], the court may,

in its sound discretion, award no liquidated damages or award [a lesser] amount thereof.'" *Id.* at

*2 (quoting 29 U.S.C. § 260).

Similarly, under the NYLL, "[e]mployees may recover liquidated damages of 100% of

wages owed unless 'the employer proves a good faith basis for believing that its underpayment

of wages was in compliance with the law.'" *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F.

Supp. 3d 19, 47 (E.D.N.Y. 2015) (internal citation omitted); *see also* N.Y. Lab. L. § 198(1–a).

Because the FLSA and NYLL liquidated damages deter the same conduct, the Second Circuit has interpreted the FLSA and NYLL "as not allowing duplicative liquidated damages for the same course of conduct." *Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018). "In light of the principle that 'the law providing the greatest recovery will govern,' [p]laintiff may be awarded liquidated damages pursuant to the NYLL or the FLSA." *Jian Hua Li v. Chang Lung Grp. Inc*., No. 16-CV-6722 (PK), 2020 WL 1694356, at *14 (E.D.N.Y. Apr. 7, 2020) (quoting *Charvac v. M & T Project Managers of New York, Inc.*, No. 12-CV-5637 (CBA) (RER), 2015 WL 5475531, at *4 (E.D.N.Y. June 17, 2015)). Both the FLSA and NYLL allow an employee to recover liquidated damages equal to the amount of unpaid wages. *Sanchez,* 2023 U.S. Dist. LEXIS 32450 at *24.

Here, Plaintiff is entitled to recover liquidated damages because Defendants did not comply with the NYLL and failed to demonstrate good faith. Plaintiff has alleged that Defendants failed to provide Plaintiff with his appropriate overtime wages. Defendants' lack of good faith is evidenced through the failure to defend this action, even despite receiving ample notice throughout the course of this litigation. (ECF No. 22 at 16); *see Lu Nan Fan v. Jenny & Richard's Inc.*, No. 17-CV-6963 (WFK), 2019 WL 1549033, at *11 (E.D.N.Y. Feb. 22, 2019) ("As a result of defendants' default in this action, the record is devoid of evidence of their good faith or reasonable belief."), *report and recommendation adopted*, No. 17-CV-6963 (WFK), 2019 WL 1547256 (E.D.N.Y. Apr. 9, 2019); *Peralta v. M & O Iron Works, Inc.*, No. 12-CV-3179 (ARR) (RLM), 2014 WL 988835, at *10 (E.D.N.Y. Mar. 12, 2014) ("Obviously, as a result of defendants' default in this action, the record is devoid of evidence of defendants' good faith or reasonable belief."). Therefore, Plaintiff would be entitled to an amount of liquidated damages equal to the overtime wage damages amount totaling $163,491.43.

### C.  Defendants' Statutory Violations

Plaintiff seeks $10,000 for statutory damages concerning Defendants' violations pursuant to NYLL §§ 195(1), (3).

"Violations of NYLL § 195(1) carry damages of $50 per workday, for a maximum of amount of $5,000." *Sanchez,* 2023 U.S. Dist. LEXIS 32450, at *23-24 (citing NYLL § 198(1-b)). Similarly, "[v]iolations of NYLL § 195(3) carry damages of $250 per workday, for a maximum amount of $5,000." *Sanchez,* 2023 U.S. Dist. LEXIS 32450 at *24.

Plaintiff worked six days a week for 82.57 weeks.  He alleges that he has not received a paystub, wage notice, or wage statements throughout the course of his employment with Defendants.  (ECF No. 22 at 17.)  He further contends that because he worked for Defendants for more than 100 days, he is entitled to the maximum statutory award under both statutes.  (*Id.*)

The undersigned has found that Plaintiff has not established the requisite liability to recovery.  However, if the Court were to find that Plaintiff has shown liability, Plaintiff would be entitled to the statutory maximum of $5,000 under §§ 195(1), (3), for a total of $10,000.  *See Kantor v. Air Atl. Med., P.C.,* No. 19-CV-03597 (EK) (ST), 2021 U.S. Dist. LEXIS 126833, at *22-23 (E.D.N.Y. July 7, 2021) (finding that defendants never provided plaintiff with any written notice or paystub which were sufficient to establish liability under NYLL).

### D.  Post-judgment Interest

Finally, Plaintiff seeks post-judgment interest for his claims.

28 U.S.C. § 1961 provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a).  "The very language of 28 U.S.C. § 1961 ensures that an award of post-judgment interest is mandatory in any civil case where money damages are recovered." *Duffy v. Oyster Bay Indus., Inc.*, No. 10-CV-3205 (ADS)

(ETB), 2011 WL 2259798, at *3 (E.D.N.Y. Mar. 29, 2011), *report and recommendation adopted*, 2011 WL 2259749 (E.D.N.Y. June 2, 2011); *see also Thompson v. Hyun Suk Park*, No. 18-CV-00006 (AMD) (ST), 2020 WL 5822455, at *11 (E.D.N.Y. Sept. 1, 2020), *report and recommendation adopted*, 2020 WL 5820547 (E.D.N.Y. Sept. 30, 2020) (awarding post-judgment interest in FLSA and NYLL case).  Here, having found that Plaintiff established liability under his NYLL claim and would be entitled to overtime and liquidated damages, Plaintiff is thus entitled to post-judgment interest from the date the Clerk of Court entered judgment until the date of payment.

In addition, should Defendants fail to pay any unpaid amount of the judgment after ninety (90) days, they will be subject to a fifteen (15) percent increase penalty of damages, as set forth in NYLL § 198(4).  *See* NYLL § 198(4) ("[A]ny judgment or court order awarding remedies under this section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent.").  "This award is [] mandatory, regardless of whether Plaintiff requests it or not" and only applies to state law damages.  *See Sanchez,* 2023 U.S. Dist. LEXIS 32450 at *26-27; *Gonzalez,* 2023 U.S. Dist. LEXIS 194692 at *32; *see also Diaz v. Rene French Cleaners, Inc.,* No. 20-CV-3848 (RRM) (RER), 2022 U.S. Dist. LEXIS 156587, at *43 (E.D.N.Y. Aug. 29, 2022), *report and recommendation adopted,* 2022 U.S. Dist. LEXIS 180161 (Sept. 30, 2022) (discussing interest on damages and recommending an award of post-judgment interest and a fifteen percent increase if not paid timely).  Thus, Plaintiff may obtain post judgment interest and, in the event that Defendants fail to pay any damages awarded under

35

NYLL after 90 days after judgment has been issued, those damages will be increased by fifteen percent.

## **CONCLUSION**

Accordingly, for the reasons set forth above, the Court respectfully recommends that Plaintiff's motion for default judgment be denied since Plaintiff failed to establish individual and enterprise coverage under the FLSA. It is further recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's NYLL claims.

If, however, the District Judge disagrees with the foregoing and determines Plaintiff has established coverage under the FLSA as well as liability for all claims under the NYLL, it is recommended that the damages portion of Plaintiff's motion be decided as follows:

(1) Overtime and liquidated damages in the amount of $326,982.86;

(2) $10,000 in statutory damages pursuant to NYLL §§ 195(1), (3);

(3) Post-judgment interest from the date the Clerk enters judgment until the date Defendants pay such judgment; and

(4) Should the Defendants fail to pay NYLL damages 90 days after this Court issues its judgment, they will be subject to a fifteen percent increase.

## **OBJECTIONS**

A copy of this Report and Recommendation is being electronically served on counsel. Counsel for Plaintiff is directed to serve copies of this Report and Recommendation upon the defaulting Defendants on or before April 18, 2024, and file proof of service of same on ECF. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen

(14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals.  *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated:      Central Islip, New York
            April 14, 2024

                        S O   O R D E R E D

                        /S/ *James M. Wicks*

                            JAMES M. WICKS
                        United States Magistrate Judge