UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
KEVIN GABRIEL FLORES,

                    Plaintiff,

          -against-

ANDY CONSTRUCTION NY INC., *et al.*,

                    Defendants.
-----------------------------------------------------------------------x

**MEMORANDUM & ORDER**
1:22-cv-6486 (OEM) (JMW)

**ORELIA E. MERCHANT, United States District Judge:**

       Kevin Gabriel Flores ("Plaintiff") commenced this action against Andy Construction NY Inc. ("Andy Construction") and its owner and operator Bernardo Gonzalez ("Gonzalez") (collectively "Defendants") on October 26, 2022, alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").  Complaint ("Compl."), ECF 1.  Pending before the Court is Magistrate Judge Wicks' April 14, 2024, Report and Recommendation ("R&R"), ECF 34, recommending that Plaintiff's motion for default judgment be denied as Plaintiff failed to establish individual and enterprise coverage under the FLSA. R&R at 36.  The R&R further recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's NYLL claims.  Plaintiff timely filed objections to the R&R on May 10, 2024.[1]  *See* Plaintiff's Objections to R&R ("Plaintiff's Objections"), ECF 27.  For the following reasons, Plaintiff's Objections are **OVERRULED,** and the R&R is **ADOPTED** in its entirety.  Plaintiff is hereby given 30 days to replead by filing an amended complaint.

---

[1] The Court granted Plaintiff an extension until May 10, 2020, to file any objections.  *See* Order Dated 4/29/2024.

1

## LEGAL STANDARD

In reviewing a Magistrate Judge's report and recommendation, the district court "may adopt those portions of the report to which no objections have been made and which are not facially erroneous." *Romero v. Bestcare Inc.*, No. 15-CV-7397 (JS), 2017 WL 1180518, at *2 (E.D.N.Y. Mar. 29, 2017); *see also Impala v. U.S. Dep't of Justice*, 670 F. App'x 32, 32 (2d Cir. 2016) (summary order) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."). "A decision is 'clearly erroneous' when the Court is, 'upon review of the entire record, left with the definite and firm conviction that a mistake has been committed.'" *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339-40 (S.D.N.Y. 2009) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)).

The district court must review *de novo* "those portions of the report ... to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). To obtain *de novo* review, an objecting party "must point out the specific portions of the [R&R]" to which it objects. *Sleepy's LLC v. Select Comfort Wholesale Corp.*, 222 F. Supp. 3d 169, 174 (E.D.N.Y. 2016). Pursuant to Federal Rule of Civil Procedure 72(b)(2), such objections must be served and filed "[w]ithin 14 days after being served with a copy of the recommended disposition." *See also* 28 U.S.C. § 636(b)(1).

## DISCUSSION

Plaintiff objects to the R&R's conclusion that Plaintiff had failed to establish enterprise coverage under the FLSA by failing to sufficiently allege both required elements: (1) Defendants engaged in interstate commerce and (2) defendants' annual gross volume of sales was greater than $500,000. Enterprise coverage under the FLSA applies if an employee is "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §

2

207(a)(1); *accord Georges v. Detroit Pizza NYC LLC*, No. 23-CV-11164 (LJL), 2024 WL 1195727, at *3 (S.D.N.Y. Mar. 20, 2024).

Plaintiff's argues that "Plaintiff proffers factual material which does more than 'merely repeat the statutory language under the FLSA.'" Plaintiff's Objections at 2 (quoting R&R at 19). However, the Court's own review of the Complaint shows that the only allegations regarding FLSA coverage are that Plaintiff was employed as a "as a roofer and construction worker" and "perform[ed] related miscellaneous duties for the Defendants," Compl. ¶ 19, and that

> At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that ANDY CONSTRUCTION NY INC., (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person; and (ii) has had annual gross volume of sales of not less than $500,000.00.

Compl. ¶ 18.

Upon its own review, the Court agrees with the R&R that these sparse, conclusory allegations are insufficient to trigger enterprise coverage. Despite the low burden placed on a Plaintiff to establish enterprise coverage, these two allegations are simply devoid of any factual matter that can raise a plausible inference that Defendants were an "enterprise engaged in commerce." *See Soto v. Miss Laser Inc.*, 2023 WL 319547, at *4 (E.D.N.Y. Jan. 19, 2023) (Enterprise coverage "is not a high hurdle for Plaintiff to clear."); *see also Jacobs v. New York Foundling Hosp.*, 577 F.3d 93, 99 n.7 (2d Cir. 2009). While Defendants may have purchased goods and material through interstate commerce, Plaintiff makes no concrete allegation that he actually handled or otherwise worked with such goods or materials that have been moved in or produced for commerce by any person during his employment. 29 U.S.C. § 203(s)(1)(A); *but see*

3

*e.g.*, *Soto*, 2023 WL 319547, at *5 (E.D.N.Y. Jan. 19, 2023) (finding enterprise coverage where "Plaintiff does specify some of the goods she handled"). Further, the Complaint also does not allege that Defendants themselves engaged in production of such goods for interstate commerce and Plaintiff engaged in such production. *See* 29 U.S.C. § 203(s)(1)(A). Nor does Plaintiff allege that Defendants employed "two or more employees have handled materials that have been moved in commerce." *Jacobs*, 577 F.3d at 99 n.7 (cleaned up). Plaintiff only avers that Andy Construction is owned by a single person, Defendant Bernardino, who goes by Andy. Compl. ¶ 9.

Plaintiff's conclusory allegation that Defendants' roofing and/or construction business "had annual gross volume of sales of not less than $500,000.00" fails as well. *But see e.g.*, *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 33 (E.D.N.Y. 2015) (finding it "reasonable to infer that the myriad goods necessary to operate a Peruvian restaurant with an eat-in dining area and over $500,000.00 in annual sales do not exclusively come from New York State."). Plaintiff provides no facts about Defendants' roofing and/or construction business beyond the fact he was employed there that would allow any court to make a reasonable assumption that Defendants had annual gross sales exceeding $500,000.

Plaintiff next objects to the R&R's conclusion that Plaintiff failed to establish individual coverage under the FLSA. Plaintiff's Objections at 2; *see* R&R at 20 (opining that "allegations do not indicate a single interstate component to Plaintiff's work"). "To establish individual coverage, the employee must perform work involving or related to the movement of persons or things ... among the several States or between any State and any place outside thereof." *Kantor v. Air Atl. Med., P.C.*, 2021 WL 3888067, at *4 (E.D.N.Y. July 7, 2021) (citations and internal quotation marks omitted), *report and recommendation adopted*, 2021 WL 3884193 (E.D.N.Y. Aug. 31,

4

2021). "For a court to find that an employee is 'engaged in commerce' under the FLSA, the employee must demonstrate that 'their work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity.'" *Soto*, 2023 WL 319547, at *3 (citation omitted). Indeed, the Court's survey of the Complaint shows no basis for individual coverage. *See* Compl. ¶ 18. However, for the first time in his objections, Plaintiff's counsel explains that he "reasonably believes that Plaintiff performed some of his work for these Defendants in New Jersey and Pennsylvania, and if afforded a brief opportunity to file an additional sworn Affidavit for Your Honor's consideration, Plaintiff should be able to proffer additional factual support of out-of-state contacts and work performed for these Defendants." However, Plaintiff provides no authority as to why the Court should accept a supplementary affidavit to shore up a deficient pleading at the default stage when Plaintiff had ample opportunity move to amend his Complaint. Indeed, Judge Wicks already provided one such opportunity when identifying another deficiency in Plaintiff's instant motion for default judgment. *See* R&R at 18. In any case, the Court grants Plaintiff "thirty days to file a second amended complaint to address the deficiencies identified in the R&R." *Singh*, 2022 WL 17820099, at *13. As the Court has granted leave to replead the federal claims, it need not address the issue of supplemental jurisdiction over the NYLL claims.

## CONCLUSION

For the foregoing reasons, Plaintiff's Objections are **OVERRULED** and Magistrate Judge Wicks' Report and Recommendation is **ADOPTED** in its entirety. Plaintiff's motion for default is **DENIED,** and Plaintiff is hereby permitted to file an amended complaint replead **within 30 days of this Order**.

**SO ORDERED**.

Dated: August 23, 2024
       Brooklyn, New York

/s/ Orelia E. Merchant
ORELIA E. MERCHANT
United States District Judge